**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-4716**

───────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JOHN SHERMAN LEE,

                                    Defendant - Appellant.

───────────

**No. 06-4896**

───────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

MICHAEL SCOTT CRISP,

                                    Defendant - Appellant.

───────────

Appeals from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:05-cr-01124-TLW; 4:05-cr-01124-TLW-2)

───────────

Submitted:  February 28, 2007        Decided:  May 14, 2007

───────────

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

_____

Thomas G. Nessler, Jr., Surfside Beach, South Carolina; Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellants.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Sherman Lee and Michael Scott Crisp, co-defendants in an armed robbery prosecution, appeal from their convictions and sentences. Crisp pled guilty to possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2006). Pursuant to his plea agreement, Crisp agreed to testify against Lee at his trial. After Lee's trial commenced, Lee pled guilty without the benefit of a plea agreement to armed robbery, in violation of 18 U.S.C. § 1951(a) (2000), possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1). Both Lee and Crisp were sentenced as career offenders, pursuant to United States Sentencing Guidelines Manual (USSG) § 4B1.1 (2005), and received sentences of 312 and 204 months' imprisonment, respectively.

On appeal, counsel for Lee and Crisp have filed a consolidated brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues on appeal but that their clients challenge the adequacy of their Fed. R. Crim. P. 11 hearings and the reasonableness of their sentences. Lee and Crisp have filed pro se supplemental briefs, in which they raise a number of issues regarding the effectiveness of their trial counsel and the calculation of the Guidelines ranges at sentencing.

- 3 -

Because our review of the record discloses no reversible error, we affirm.

Both Lee and Crisp contend that the district court failed to comply with the requirements of Fed. R. Crim. P. 11 in conducting their guilty plea hearings. During a Rule 11 plea colloquy, the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the sentencing guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant also must be told that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2) and determine a factual basis for the plea under Rule 11(b)(3). Because neither Lee nor Crisp moved in the district court to withdraw their guilty plea, any challenges to the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002).

After a thorough review of the record, we find that there were no errors with respect to the Rule 11 plea colloquies. At both plea hearings, the district court informed the defendants of the rights that they were giving up as a result of their pleas, detailed the nature of the charges and penalties they faced, determined that their pleas were voluntary, and concluded that there was a sufficient factual basis for each of their pleas. Therefore, the record establishes that both Lee and Crisp knowingly and voluntarily entered into their respective guilty pleas with a full understanding of the consequences, and there was no error in the district court's acceptance of their pleas.

Lee and Crisp also assert that the sentences imposed by the district court were unreasonable. After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). In a post-<u>Booker</u> sentencing such as the one at issue, the district court must calculate the appropriate Guidelines range, consider that range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a sentence. <u>United States v. Green</u>, 436 F.3d 449, 455-56 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). A post-<u>Booker</u> sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Hughes</u>, 401 F.3d at 546-47 (citations omitted). "[A]

sentence within the properly calculated Guidelines range . . . is presumptively reasonable."  Green, 436 F.3d at 457 (internal quotation marks and citation omitted).

As noted by the district court, Lee faced a minimum of fifteen years' imprisonment for possession of a firearm by a felon, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e), with a maximum sentence of life in prison.  As for Crisp, his conviction for possession of a firearm in furtherance of a crime of violence carried a minimum term of imprisonment of ten years, with a maximum term of life, pursuant to 18 U.S.C.A. § 924(c)(1).  Therefore, their respective sentences of 312 and 204 months' imprisonment were within the statutory maximum.

As for the calculation of the advisory Guidelines ranges, both defendants were determined to be career offenders under USSG § 4B1.1(c)(3), and pursuant to USSG § 4B1.1, each received a criminal history category of VI.  Crisp's Guidelines range was reduced after the Government filed a § 5K1.1 motion, as the district court lowered his offense level by four levels.  The district court determined Lee's Guidelines range to be 292 to 365 months' imprisonment, while Crisp's Guidelines range was calculated to be between 168 to 210 months' imprisonment.  The district court considered the § 3553(a) factors, and Lee and Crisp's respective sentences of 312 and 204 months' imprisonment were within the

properly calculated Guidelines ranges. Therefore, we conclude that the sentences imposed by the district court were not unreasonable.

In his pro se supplemental brief, Lee makes various claims regarding the effectiveness of his trial counsel. However, a claim of ineffective assistance of counsel should be raised in a 28 U.S.C. § 2255 (2000) motion with the district court rather than on direct appeal, unless the record conclusively demonstrates ineffective assistance. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (internal citations and quotations omitted). Such a claim cannot be fairly adjudicated on direct appeal where the appellant has not raised the issue before the district court and there is no statement from counsel on the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Regarding Lee's claims of ineffective assistance, there is no evidence on the record to support his allegations. Therefore, Lee's claims should be raised as part of a § 2255 motion rather than on direct appeal.

Lee also alleges that his previous counsel, Michael Meetze, who was appointed from the Federal Public Defender's Office, was improperly removed from his case and replaced by his current attorney, Thomas Nessler, Jr. Lee claims that Meetze was removed by the district court due to an alleged conflict of interest regarding a witness for the Government. However, Lee asserts that no conflict actually existed and that the Government

used the witness, who was never called at trial, to circumvent his right to a speedy trial.

The record indicates that Meetze's appointment was terminated in January 2006 because the district court determined that Lee had sufficient funds for "payment of compensation and expenses of court-appointed counsel . . . ." Nessler was subsequently named as counsel for Lee and was granted a continuance of the March trial date, as the district court determined that the continuance was justified as serving the "ends of justice," pursuant to 18 U.S.C. § 3161(h)(8)(A) (2000). In light of the fact that Nessler was appointed as counsel less than thirty days before the pre-trial conference and had met only once with his client, we find that the district court adequately weighed the continuance against the interests of the public and the defendant in a speedy trial, and properly continued the trial date to allow counsel to become more familiar with the case. See United States v. Keith, 42 F.3d 234, 237-38 (4th Cir. 1994). To the extent that Lee contends that his preferred counsel was erroneously removed, there is no evidence on the record to support Lee's assertions, as it appears that Lee did not qualify for representation by the Federal Public Defender because he had sufficient funds to make at least partial payment for representation by court-appointed counsel. While Lee claims he objected to Meetze's removal, Lee has no right to choose the particular attorney appointed to represent him. See Miller v.

Smith, 115 F.3d 1136, 1143-44 (4th Cir. 1997). Therefore, we find that the district court did not err by substituting attorneys.

In his pro se supplemental brief, Crisp also makes various claims regarding ineffective assistance given by his trial counsel. However, Crisp's claims regarding ineffective assistance must be raised as part of a § 2255 motion rather than on direct appeal, as there is no evidence on the record to support his allegations. See King, 119 F.3d at 295.

Crisp also contends that one of his juvenile convictions was improperly considered in the district court's determination of whether he qualified as a career offender. In order for Crisp to be designated a career offender, the Government had to establish (1) that Crisp was at least 18 at the time of the instant offense, (2) that the instant offense is a felony that is either a "crime of violence" or a "controlled substance offense," and (3) that Crisp had at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense." USSG § 4B1.1(a). Crisp's criminal history does include two prior juvenile convictions; however, Crisp's criminal history also includes two adult felony convictions involving breaking and entering. Pursuant to USSG § 4B1.2(a)(2), burglary of a dwelling constitutes a crime of violence. See United States v. Harrison, 58 F.3d 115, 119 (4th Cir. 1995). Therefore, Crisp has at least two prior felony convictions for a crime of violence, regardless of whether his

juvenile convictions are considered, and was properly determined by the district court to be a career offender.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Lee and Crisp's convictions and sentences. This court requires counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>